J-S12001-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| WYDELL M. BRONSON | : |
| | : |
| Appellant | : No. 1128 EDA 2025 |
| | : |

Appeal from the PCRA Order Entered April 17, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007168-2015

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 8, 2026**

Wydell M. Bronson appeals *pro se* from the order denying his Post

Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546.

Bronson argues, *inter alia*, that his trial counsel was ineffective when litigating

his pre-trial motion to suppress and for abandoning him during the seating of

an alternate juror. He also argues that his PCRA counsel was ineffective for

failing to present these claims. We affirm.

Bronson was convicted by a jury in 2017 of two counts of aggravated

assault and one count each of conspiracy to commit aggravated assault and

_____

[*] Retired Senior Judge assigned to the Superior Court.

possession of an instrument of crime.[1] The PCRA court offered the following statement of the facts underlying Bronson's convictions:

> This case arises from a dispute that originally occurred at the Waterford Inn in Upper Darby, Delaware County. One evening in September 2015, Randi Jackson, Wayne Carrington, and Matt Jeffries were at the bar. Later, petitioner Wydell Bronson, Christopher Lugowski, and Shatanya Miller arrived. At approximately 2:00 a. m., as the bar was closing, the females, Miller and Jackson[,] traded punches. Lugowski also allegedly punched Jackson. The parties departed before the police arrived.
>
> On October 16, 2015, both groups of people were again at the Waterford Inn, but sitting at opposite ends of the bar. During the evening, Miller blew kisses toward Jackson. Around closing, Miller went to the restroom, and Lugowski waited outside for her. Carrington approached Lugowski and told him that he did not appreciate him hitting Jackson. Lugowski attempted to hit Carrington, but Carrington struck Lugowski, knocking him to the ground. Bronson, Lugowski, and Miller then left the scene in a white car.
>
> Carrington, Jeffries, and Jackson stayed to help the bartender close up. At approximately 4:00 a.m., as Jeffries was holding the door open to allow Carrington to take out the trash, several shots rang out from behind the bushes across the street. Carrington was struck in the leg and Jackson in the abdomen. Jeffries, who was not struck, fell to the ground. However, he did see a figure he identified as Bronson leave the area of the bushes and get into the same white car that the group had used when leaving the bar the prior month.

PCRA Ct. Op., 7/1/25, at 3-4 (citations to trial testimony omitted).

Bronson's trial counsel filed a motion to suppress asserting that the introduction of Bronson's statements to the police about the whereabouts of the firearm used in the shooting would violate *Miranda v. Arizona*, 384 U.S.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 903, and 907(a), respectively.

436 (1966). At the suppression hearing, the Commonwealth argued that when questioning Bronson, the police had been acting under the public-safety exception to the ***Miranda*** requirements. The court denied the motion and admitted Bronson's statements to the police.

Following a two-day trial, the jury began deliberations. At the beginning of the second day of deliberations, the jury foreperson informed the trial court that juror number four had gone to visit the scene of the crime and had attempted to share information about the visit with the other jurors. PCRA Ct. Op. at 5. The court held a hearing. Trial counsel was running late and sent his law partner as substitute counsel in his place.[2] Both the court and substitute counsel questioned the jury foreperson and juror number four. The court removed juror number four and sat an alternate juror on the jury.

The jury convicted Bronson of the above crimes and acquitted him of two counts of attempted murder, one count of aggravated assault, and one count of conspiracy to commit murder. The court imposed an aggregate sentence of 14 to 28 years' incarceration followed by 12 years' probation.

Bronson filed a counseled direct appeal. Relevant here, Bronson challenged the denial of his motion to suppress. This Court found merit to that issue. We concluded that "the trial court erred in failing to suppress Bronson's statement made in response to Detective Thompson's questions regarding the location of the weapon." ***Commonwealth v. Bronson***, No. 1226 EDA 2017,

_____

[2] Substitute counsel was trial counsel's father.

2018 WL 1165548, at *6 (Pa.Super. filed Mar. 6, 2018) (unpublished mem.).

However, we found the error was harmless. We cited the insignificance of the

erroneously admitted statement in comparison with the strength of the

properly admitted evidence against Bronson:

> The statement, although incriminating by inference, was not a confession. The evidence presented at trial, a mixture of direct and circumstantial evidence, provided a sufficient foundation for conviction. One eyewitness positively identified Bronson as the person he saw leaving the bushes across the street from the Waterford Inn and getting into the car that was driven by the person who was with him at the bar. The car was seen on CCTV at the scene, at the time of the shooting. Cell phone records placed Bronson in the area of the shooting at the time of the shooting and placed him leaving the area immediately following the shooting. Bronson admitted to being at the bar on both nights in question and admitted there had been altercations between the parties. Bronson testified that he could not explain why his cell phone records would place him at the scene of the crime, stating only that he was vague about what happened with his phone. The eyewitness testimony combined with the strong circumstantial evidence and Bronson's testimony provide a sufficient basis for conviction.

*Id.* We affirmed the judgment of sentence. The Pennsylvania Supreme Court

denied Bronson's petition for allowance of appeal.

Bronson filed a timely PCRA petition, and the PCRA court[3] appointed

counsel, who filed an amended petition.[4] The court held an evidentiary hearing

at which Bronson's trial counsel testified. The court denied the petition.

_____

[3] The judge presiding at the PCRA proceedings was a different judge than presided at Bronson's trial and sentencing.

[4] The first appointed PCRA counsel withdrew. A second PCRA counsel was appointed, who elected to proceed on the previously filed amended petition.

Bronson appealed. The PCRA court held a **_Grazier_**[5] hearing, wherein Bronson waived his right to counsel and elected to proceed with this appeal _pro se_.[6] The court ordered Bronson to file a Rule 1925(b) statement of matters complained of on appeal, and Bronson timely filed a _pro se_ statement. **See** Pa.R.A.P. 1925(b).

Bronson raises five issues:

1. Was Trial Counsel ineffective when failing to properly prepare for suppression hearing where the Commonwealth clearly misrepresented precedent case law in order to deceive the court to allow statements taken without **_Miranda_** warning[s] which ultimately deprived [Bronson] of a fair trial?

2. Was the Trial Counsel ineffective for abandoning [Bronson] at [a] critical stage of [the] criminal proceeding?

3. Did the Trial Court illustrate the appearance of judicial impropriety when allowing an 'attorney not of record' to represent [Bronson] at the seating of [an] alternate juror without the consent of [Bronson]?

4. Did the prosecuting attorney violate [Bronson]'s due process [right] by presenting testimony he knows to be false?

5. Did appellate PCRA attorneys violate [Bronson]'s [S]ixth (6th) [A]mendment right to effective counsel for failing to properly litigate every issue that _pro se_ [Bronson] brings forward in this instant appeal?

Bronson's Br. at 5.

---

[5] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998).

[6] After he filed his notice of appeal, Bronson filed a motion for reconsideration of the order denying his PCRA petition. The court dismissed the motion for lack of jurisdiction due to the instant, pending appeal. Bronson then filed a notice of appeal from the order denying his motion for reconsideration. We quashed that appeal as an untimely appeal from the order denying his PCRA petition, and as duplicative of the instant appeal. **See** No. 1550 EDA 2025.

"When reviewing the denial of PCRA relief, we consider whether 'the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.'" ***Commonwealth v. Midgley***, 289 A.3d 1111, 1118 (Pa.Super. 2023) (quoting ***Commonwealth v. Larkin***, 235 A.3d 350, 355 (Pa.Super. 2020) (*en banc*)).

In his first issue, Bronson argues his trial counsel provided ineffective assistance in connection with his motion to suppress. Bronson contends that the Commonwealth's argument "mispresented precedent case law in order to deceive the court" into denying the suppression motion. Bronson's Br. at 13-14. He alleges his trial counsel was ineffective for failing to rebut the Commonwealth's erroneous argument, and that his trial counsel admitted at the PCRA hearing that he did not address the substance of the Commonwealth's argument when litigating the motion to suppress.

"Counsel is presumed to be effective." ***Midgley***, 289 A.3d at 1119. A PCRA petitioner may overcome this presumption by proving: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Commonwealth v. Ligon***, 206 A.3d 515, 519 (Pa.Super. 2019) (quoting ***Commonwealth v. Grove***, 170 A.3d 1127, 1138 (Pa.Super. 2017)). The petitioner must prove

each of these three prongs, or the ineffectiveness claim will fail. ***Midgley***, 289 A.3d at 1119.

The PCRA court denied this claim on the basis that Bronson "cannot show prejudice because the Superior Court ruled that the statements admitted from that motion to suppress was harmless error [sic]." PCRA Ct. Op. at 17. In reaching this conclusion, the PCRA court observed that "the test for prejudice in the ineffectiveness context is more exacting than the test for harmless error[.]" ***Id.*** (quoting ***Commonwealth v. Spotz***, 84 A.3d 294, 315 (Pa. 2014)).

The PCRA court did not err. This Court has already concluded that the erroneous admission of the statements failed to meet the lesser, harmless error standard. Bronson is therefore unable to meet the higher burden of proving prejudice, *i.e.*, that trial counsel's allegedly deficient performance at the suppression hearing "had an actual adverse effect on the outcome of the proceedings." ***Spotz***, 84 A.3d at 315 (quoting ***Commonwealth v. Gribble***, 863 A.2d 455, 472 (Pa. 2004)). The PCRA court properly denied this claim.

We will address Bronsons' second and third issues together, as they are related. Bronson argues that his trial counsel was ineffective for allowing substitute counsel to attend the trial proceeding wherein the court removed juror number four and sat an alternate juror on the jury. Bronson claims that his trial counsel abandoned him by allowing substitute counsel to represent him during this critical stage of trial without his informed consent, and that this "consequently deemed this hearing null and void, as well as deeming any

verdict and conviction a fruit of a poisonous tree." Bronson's Br. at 21. Bronson relatedly argues the trial court "illustrate[d] the appearance of judicial impropriety" by seating the alternate juror when Bronson's attorney of record was not present. *Id.* He claims this implicates his due process rights, the Code of Judicial Conduct, and his rights under the Sixth and Fourteenth Amendments. He contends that counsel's abandonment of him at a critical stage of trial was structural error for which prejudice is presumed. Bronson's Reply Br. at 3 (citing *United States v. Cronic*, 466 U.S. 648 (1984)).

The PCRA court rejected this claim on the basis that Bronson had not been denied the assistance of counsel in connection with the seating of the alternate juror. PCRA Ct. Op. at 8. It observed that substitute counsel was "a far more seasoned attorney with more than 40 years of experience" who "stepped in for his law partner[.]" *Id.* The trial court noted on the record that substitute counsel worked in the same law practice as trial counsel and was familiar with Bronson's case. The PCRA court observed that substitute counsel, along with the court, questioned the jury foreperson and juror number four during the proceeding.

To the extent Bronson is arguing a claim of trial court error, rather than a claim of ineffective assistance of counsel, it is waived for Bronson's failure to raise it on direct appeal. *See Commonwealth v. Bracey*, 795 A.2d 935, 940 (Pa. 2001) (on appeal from denial of PCRA, "claims of trial court and constitutional error and claims of prosecutorial misconduct" are waived because the appellant "could have raised each of these claims in his direct

appeal to this Court but failed to do so"); *Midgley*, 289 A.3d at 1118 (citing 42 Pa.C.S.A. § 9544(a)(2) and (b)).

To the extent Bronson presents an ineffectiveness claim, the PCRA court did not err in concluding Bronson was not wholly deprived the assistance of counsel by the substitution of counsel. Bronson's claim therefore fails unless he proves substitute counsel provided ineffective assistance, including a showing of prejudice by substitute counsel's action or inaction. *See Cronic*, 466 U.S. at 659 n.25 (stating defendant is only relieved of burden of proving prejudice on an ineffectiveness claim "when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding").

Bronson argues that substitute counsel was ineffective for failing to object to the jury foreperson. He claims that during the court's questioning, the foreperson admitted to lying about whether juror number four had already visited the crime scene. Bronson's Br. at 20-21.[7] Bronson argues substitute

---

[7] Bronson quotes the following testimony,

> [Substitute counsel]: She mentioned that she was going down or had been down?
>
> FOREPERSON: Going down. From my understanding she lives in Stonehurst, so I think she lives close to the place.
>
> [Substitute counsel]: She mentioned this when she came in today, or she mentioned it yesterday?

*(Footnote Continued Next Page)*

counsel should have objected to the foreperson continuing to serve on the jury because, "[i]f the foreperson was willing and attempted to lie[,] then the right to a fair trial was compromised." *Id.* at 21. The PCRA court did not address this argument in its Rule 1925(a) opinion.

We find this issue waived by Bronson's failure to include this issue in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). Furthermore, a PCRA petitioner must "raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal," or face waiver. *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021). Here, Bronson was self-represented when he filed his Rule 1925(b) statement, but did not include within it an assertion that substitute

---

FOREPERSON: No, she mentioned this morning that she was going—

THE COURT: The note says she went to the scene.

FOREPERSON: All right so she said she went. But there was no details other than that, because we cut her off.

[Prosecutor]: But was it that she was going or she went?

FOREPERSON: Oh no, she went, she definitely went at least what she had verbally said. Now her mental faculties—

N.T., 12/16/16, at 8.

counsel's failure to object to the jury foreperson should be a basis for PCRA relief.[8]

Regardless, even if it were not waived, we do not find that Bronson has proven that the claim that substitute counsel ought to have objected to the jury foreperson for giving slightly contradictory testimony regarding juror number four had arguable merit. Nor has Bronson proven that he was prejudiced by substitute counsel's failure to object.

Bronson next claims that, when seating the alternate juror, the court failed to follow the procedure outlined in Pa.R.Crim.P. 645(C). Bronson's Br. at 23-24 (citing **Commonwealth v. Saunders**, 686 A.2d 25 (Pa.Super. 1996)). Bronson contends the court's failure to question the alternate juror on the record pursuant to Rule 645(C)(2) was structural error, which does not require proof of outcome-determinative prejudice. Bronson's Reply Br. at 2.

Again, framed as a claim of trial court error, this claim is waived by Bronson's failure to raise it earlier. **Bracey**, 795 A.2d at 940; **Midgley**, 289 A.3d at 1118.

Framed as a claim of trial/substitute counsel ineffectiveness, the PCRA court rejected it because it found Bronson failed to prove prejudice from the procedure the trial court used. **See** PCRA Ct. Op. at 14-16. It noted that Rule

---

[8] We note that, as a claim of ineffective assistance of trial counsel, Bronson may have also waived this claim if he failed to present it to the PCRA court prior to the appeal. **See** Pa.R.A.P. 302(a). However, Bronson's final issue presents a layered claim of ineffective assistance of PCRA counsel. As a claim of PCRA counsel ineffectiveness, Bronson could have raised the claim for the first time in his *pro se* Rule 1925(b) statement, but failed to do so.

645(C) requires the court to colloquy the alternate juror and the reconstituted jury regarding improper influences, instruct them why the discharged juror was replaced, and explain that the removal has nothing to do with the juror's views on the case. *Id.* at 14. It must also instruct the jury to begin deliberations anew "so as to eliminate the influence of the excused juror." *Id.* (quoting Pa.R.Crim.P. 645(C)).

The PCRA court found that here, the jury was already aware why juror number four was replaced, and the court dutifully instructed the jurors to "start from scratch":

> [The trial court] took care to instruct the jurors under Pa.R.Crim.P. 645(C). As previously noted, it was the jury itself that advised the court of juror #4's transgression. Thus, it knew the reasons why the trial court dismissed juror #4. Once juror #4 was excused, [the trial court] instructed the remaining jurors they could not further deliberate until the new juror arrived and [to] start over from there. [The trial court] emphasized to the foreperson: "what we are going to have to do when the juror alternate comes here. You have to start from scratch." [The trial court] then instructed the remaining 11 jurors[,] saying that an alternate was coming and that ". . . when she does get here we start from scratch."

*Id.* at 14-15 (citations to N.T. omitted).

It also found that Bronson failed to prove any defect in the court's application of Rule 645(C) caused him prejudice:

> The jury did start from scratch: they asked to re-hear testimony; they asked for information about transferred intent. The jury returned a mixed verdict, indicating that they thoroughly deliberated, on all the charges. This verdict found petitioner not guilty of the more serious charges, indicating the jury favorably weighed [Bronson's] arguments. Their actions do not reflect a prejudiced jury; rather, petitioner is baldly speculating that the alternate juror was improperly influenced.

- 12 -

***Id.*** at 15-16.

The PCRA court did not err in concluding Bronson was required to prove prejudice and failed to do so. ***See Commonwealth v. Nieves***, No. 13 EDA 2024, 2024 WL 4815178, *13-14 (Pa.Super. filed Nov. 18, 2024) (unpublished mem.) (finding no prejudice where trial court failed to strictly comply with Pa.R.Crim.P. 645(C)(2)(a)).

In his fourth issue, Bronson argues the prosecuting attorney violated his right to due process by presenting evidence he knew to be false. He claims that on the day before trial, the Commonwealth submitted a supplemental report by Detective Thompson that contradicted some of the testimony he gave at the suppression hearing. ***See*** Bronson's Br. at 28-31. The PCRA court did not address this claim in its Rule 1925(a) opinion.

This claim of prosecutorial misconduct is waived by Bronson's failure to raise it during trial. ***Bracey***, 795 A.2d at 940. ***Midgley***, 289 A.3d at 1118. Insofar as it constitutes a claim of ineffectiveness, it is waived because Bronson failed to include it in his Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii).[9]

In his fifth and final issue, Bronson argues his PCRA counsel was ineffective for failing to pursue the above claims before the PCRA court. This claim fails because Bronson has failed to prove any of his underlying ineffectiveness claims merit relief. ***See Commonwealth v. McGill***, 832 A.2d

---

[9] ***See*** note 8, *supra*.

- 13 -

1014, 1022-23 (Pa. 2003) (explaining that if petitioner fails to establish the ineffectiveness of first counsel, this will necessarily defeat a claim that subsequent counsel was ineffective for failing to raise first counsel's ineffectiveness).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/8/2026